PROB 12B
(REVISED 5/2011)

# United States District Court
## for
## Middle District of Tennessee

### Petition to Modify the Condition or Term of Supervision
*(Probation Form 49 Waiver of Hearing on the Modification is attached)*

Name of Offender: <u>Anthony Marsille Scott</u>  Case Number: <u>3:07-00084-02</u>

Name of Judicial Officer: <u>Kevin H. Sharp, U. S. District Judge</u>

Date of Original Sentence: <u>November 5, 2007</u>

Original Offense: <u>Conspiracy to Distribute 50 Grams of more of Cocaine Base</u>

Original Sentence: <u>120 months' custody; 5 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>February 24, 2012</u>

Assistant U.S. Attorney: <u>Harold B. McDonough, Jr.</u>  Defense Attorney: <u>Mariah A. Wooten</u>

---

### PETITIONING THE COURT

■ To modify the release conditions as follows:

**The defendant shall be on home detention for four (4) months beginning as soon as practicable. During this period, the defendant is restricted to his residence at all times except for medical or treatment needs, gainful employment, school, religious services, and court appearances as pre-approved by the probation officer. Electronic monitoring shall be used to monitor compliance.**

THE COURT ORDERS:
☐ No Action
☐ The extension of supervision as noted above.
☑ The modification(s) as noted above.
☐ Other

Considered this <u>23rd</u> day of <u>July</u>, 2012, and made a part of the records in the above case.

Honorable Kevin H. Sharp
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Roger D. Carrier
U.S. Probation Officer

Place   Columbia, Tennessee

Date   July 16, 2012

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

1.    **Shall not purchase, possess, use, distribute, or administer any controlled substance:**

   On June 28, 2012, Mr. Scott tested positive for cocaine and marijuana during a drug screen at the probation office in Nashville. Laboratory testing subsequently confirmed this result. On this date, Mr. Scott admitted to U.S. Probation Officer Paul Montgomery that he had used marijuana and cocaine on June 23, 2012.

**Compliance with Supervision Conditions and Prior Interventions:**

Anthony Scott is a resident of Davidson County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since February 24, 2012. He is currently unemployed. He lives with his mother, brother, and grandmother in Nashville, Tennessee. The probation officer conducts frequent surprise home visits at the offender's residence.

On May 8, 2012, a report was filed notifying the Court that the offender had tested positive for synthetic marijuana on March 22, 2012; and that he was cited for Driving on a Suspended License on May 2, 2012. No further action was recommended at that time, however, Mr. Scott was referred to drug treatment at that time. He has been participating in weekly substance abuse treatment at Centerstone in Madison, Tennessee since April 25, 2012.

On May 25, 2012, a second report was filed notifying the Court that the offender had tested positive for marijuana on May 14, 2012. No further action was recommended at that time, to see if Mr. Scott would progress with his treatment program. Said petition was signed by Your Honor on May 30, 2012, ordering no action, per the probation office's recommendation.

Based on his continued drug use, it is felt that Mr. Scott would benefit from increased structure in his supervision. Home confinement would allow the offender to stay in the community, continue to attend his treatment sessions, and continue to look for work. In addition, he would be accountable for his time and whereabouts and would be required to be at home at night during the period of home confinement.

The offender reported to the probation office on July 6, 2012, and agreed to sign the attached Waiver of Hearing to Modify Conditions to include the condition as outlined above. Before signing the waiver, this officer reviewed the document word for word with Mr. Scott. He was advised that he was not obligated to sign the waiver and had the right to a hearing and representation by counsel. He was also reminded that it would not be held against him if he did not sign the waiver. The offender is aware that this plan is subject to the Court's approval.

**U.S. Probation Officer Recommendation:**

It is recommended that the offender's release conditions be modified as indicated on page one of this petition. The U. S. Attorney's Office has been advised of the offender's noncompliance and the probation officer's recommendation for modification of his release conditions.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
# MIDDLE DISTRICT OF TENNESSEE

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall be on home detention for four (4) months of supervision beginning as soon as practicable. During this period, the defendant is restricted to his residence at all times except for medical or treatment needs, gainful employment, school, religious services, and court appearances as pre-approved by the probation officer. Electronic monitoring shall be used to monitor compliance.

Witness: _____   Signed: _____
Roger D. Carrier                    Anthony Scott
U.S. Probation Officer              Probationer or Supervised Releasee

July 6, 2012
Date