Prob 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee

## 2nd Superseding Petition for Summons for Offender Under Supervision
### (Supersedes Petition filed as Docket Entry No. 49)

Name of Offender: Anthony Marsille Scott     Case Number: 3:07CR00084-02

Name of Judicial Officer: Honorable Kevin H. Sharp, U.S. District Court Judge

Date of Original Sentence: November 5, 2007

Original Offense: Conspiracy to Distribute 50 Grams or More of Cocaine Base, 21 U.S.C. § 846

Original Sentence: 120 months' custody; 5 years' supervised release

Type of Supervision: Supervised Release     Date Supervision Commenced: February 24, 2012

Assistant U.S. Attorney: Harold B. McDonough, Jr.     Defense Attorney: Mariah A. Wooten

---

## PETITIONING THE COURT

☐ To issue a Summons.
☐ To issue a Warrant.

☒ To Consider Additional Violations at Revocation Hearing Currently Scheduled for May 9, 2013.

---

## THE COURT ORDERS:
☒ No Action

☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)

☐ The Issuance of a Summons.

☐ Consider Additional Violations at Revocation Hearing

Considered this _29th_ day of _April_, 2013, and made a part of the records in the above case.

_____
Honorable Kevin H. Sharp
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Lisa Capps
Sr. U.S. Probation Officer

Place: Columbia, TN

Date: April 26, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as Docket Entry No. 49, has been amended as follows:

> **Violation No. 2 - The defendant shall participate in a program of drug testing and substance abuse treatment.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

**1.**         **The defendant shall refrain from any unlawful use of a controlled substance:**

Mr. Scott violated this condition on the following occasions:

1. On July 6, 2012, Mr. Scott submitted a urine sample at the probation office, which tested positive for marijuana. On this date, Mr. Scott denied any new drug use.

2. On July 11, 2012, Mr. Scott submitted a urine sample at the probation office, which tested positive for marijuana. On this date, Mr. Scott denied any new drug use.

3. On July 23, 2012, Mr. Scott submitted a urine sample at the probation office, which tested positive for marijuana. On July 26, 2012, Mr. Scott admitted that he had used marijuana on July 19, 2012.

4. On August 7, 2012, Mr. Scott submitted a urine sample at the probation office, which tested positive for marijuana. On this date, Mr. Scott denied any new drug use.

5. On August 16, 2012, Mr. Scott submitted a urine sample at the probation office, which tested positive for marijuana. On this date, Mr. Scott denied any new drug use.

6. On August 27, 2012, Mr. Scott submitted a urine sample at the probation office, which tested positive for marijuana.

7. On September 4, 2012, Mr. Scott submitted a urine sample at the probation office, which tested positive for marijuana.

**2.**           **The defendant shall participate in a program of drug testing and substance abuse treatment:**

Mr. Scott violated this condition on the following occasions:

1. Mr. Scott failed to appear for scheduled drug testing at the probation office, as a requirement of his participation in the U.S. Probation Office's drug testing program, on June 13, 2012, June 18, 2012, June 25, 2012, August 6, 2012, and August 14, 2012.

2. Mr. Scott failed to appear for scheduled drug treatment sessions at Centerstone on May 23, 2012, July 11, 2012, and August 8, 2012.

**3. Mr. Scott failed to appear for scheduled drug testing at the probation office, as a requirement of his participation in the U.S. Probation Office's drug testing program, on January 28, 2013, February 26, 2013, March 11, 2013, April 8, 2013, April 17, 2013, and April 25, 2013.**

**3.**           **The defendant shall be on home detention for four (4) months beginning as soon as practicable. During this period, the defendant is restricted to his residence at all times except for medical or treatment needs, gainful employment, school, religious services, and court appearances as pre-approved by the probation officer. Electronic monitoring shall be used to monitor compliance:**

Mr. Scott violated this condition on the following occasions:

1. Mr. Scott was away from his residence on August 8, 2012, from 5:40 P.M. until 7:54 P.M. He had scheduled leave time during this time to attend substance abuse treatment at Centerstone; however, he did not attend said treatment on this date. His whereabouts during this period of time are unknown.

2. Mr. Scott was away from his residence on August 10, 2012, from 3:36 A.M. until 3:47 A.M. His whereabouts during this period of time are unknown. He stated he was in his yard talking to his girlfriend.

**Compliance with Supervision Conditions and Prior Interventions:**

Anthony Scott is a resident of Davidson County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since February 24, 2012. He is currently employed with HH Gregg, Nashville, Tennessee. He lives with his mother, uncle, and grandmother in Nashville, Tennessee. The probation officer conducts frequent surprise home visits at the offender's residence.

On May 8, 2012, a 12A report was filed by U.S. Probation Officer Karen Webb, notifying the Court that the offender had tested positive for synthetic marijuana on March 22, 2012; and that he was cited for Driving on a Suspended License on May 2, 2012. No further action was recommended at that time, however, Mr. Scott was referred to drug treatment at that time. He has been enrolled in substance abuse treatment at Centerstone in Madison, Tennessee since April 25, 2012.

On May 25, 2012, a second 12A report was filed by U.S. Probation Officer Karen Webb, notifying the Court that the offender had tested positive for marijuana on May 14, 2012. No further action was recommended at that time, to see if Mr. Scott would progress with his treatment program. Said petition was signed by Your Honor on May 30, 2012, ordering no action, per the probation office's recommendation.

On July 16, 2012, a request for a modification of conditions of supervised release and an accompanying waiver of hearing to modify conditions, signed by the offender, was filed by this officer notifying the Court of the offender's recent submission of a positive drug screen for cocaine and marijuana. The request was to add a special condition of supervision for the offender to complete 4 months of home confinement. It was the belief of this officer that Mr. Scott would benefit from increased structure in his supervision. Home confinement would allow the offender to stay in the community, continue to attend his treatment sessions, and continue to look for employment. In addition, he would be accountable for his time and whereabouts and would be required to be at home at night during the period of home confinement. Your Honor signed said petition on July 23, 2012. Mr. Scott was enrolled in the home confinement program on August 3, 2012.

Mr. Scott completed six months of home confinement with electronic monitoring on December 3, 2012.

On March 22, 2013, Mr. Scott arrived at the Probation Office at 4:56 p.m. and was allowed to submit a urine screen; however, it was diluted (1.0012) and therefore not a conclusive test.

Mr. Scott has been counseled on numerous occasions about the importance of following his conditions of supervised release, specifically, his requirements to abstain from illegal drug use, to faithfully attend his drug treatment program, to comply with his drug testing requirements, and to follow the rules of the home confinement program. Despite these numerous interventions, Mr. Scott continues to violate these conditions.

Mr. Scott denies using marijuana since July 19, 2012. However, an Interpretation Report prepared on August 22, 2012, by Pat Pizzo, the Director of Toxicology at Alere Toxicology Services, indicates otherwise. Her report analyzed the offender's positive drug screens submitted on June 28, 2012, July 6, 2012, July 11, 2012, July 23, 2012, and August 7, 2012. Her conclusion based on this analysis is as follows: "It is my opinion that this offender reused marijuana prior to the collection on 7/6/12, 7/11/12, 7/23/12 and 8/7/12."

## U.S. Probation Officer Recommendation:

It is respectfully requested that the additional violations be considered at the revocation hearing currently scheduled for May 9, 2013. The U.S. Attorney's Office is agreeable with this recommendation.

Approved: _____
Burton Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. ANTHONY MARSILLE SCOTT, CASE NO. 3:07-00084-2

GRADE OF VIOLATION:     C
CRIMINAL HISTORY:       IV

ORIGINAL OFFENSE DATE:     POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A felony) 18 U.S.C. § 3583(e)(3) | 6 - 12 months U.S.S.G. § 7B 1.4(a) | none |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment 18 U.S.C. 3583(h) | 2 - 5 years U.S.S.G. § 5D1.2(a)(1) | none |

**Statutory Provisions:** When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

Pursuant to 18 U.S.C. § 3565(b) and 3583(g), the court shall revoke the term of supervised release if the defendant tests positive for illegal controlled substances more than three times over the course of one year. However, pursuant to 18 U.S.C. § 3563(e) and 3583(d), the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception.

**Guideline Policy Statements:** In the case of a Grade C violation where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), for any portion of the minimum term. U.S.S.G. § 7B1.3(c)(1).

Respectfully submitted,

Lisa A. Capps
Sr. U.S. Probation Officer

Approved:
Burton Putman
Supervisory U.S. Probation Officer